IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

EDWARD RICHARDSON,

    Plaintiff,

v.                               Civil Action No. 1:17-cv-00761

PRINCE WILLIAM COUNTY,
et al.,

    Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Edward Richardson ("Plaintiff") was employed as a police officer with the Prince William County Police Department until April 1, 2009, when he was fired, allegedly for lying and using excessive force on a prisoner. That same day, Plaintiff filed a charge with the EEOC. Two months later, on June 19, 2009, Plaintiff filed an amended charge with the EEOC alleging that he was discriminated against based on his race and was subject to retaliation.

On December 17, 2009, the EEOC issued a right-to-sue letter to Plaintiff. Plaintiff did not file suit within the required 90 day time period. On March 22, 2017 Plaintiff again filed a

charge with the EEOC in what he classifies as an "appeal" of the 2009 EEOC determination. The EEOC issued a right-to-sue letter for the second charge on April 5, 2017. On July 6, 2017 Plaintiff filed suit in this Court.

In his complaint, Plaintiff presented seventeen counts. The seventeen causes of action interchangeably allege violations of Title VII, Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981(a), 42 U.S.C. §§ 1983-1986, VA Code § 2.2-3900, VA Code § 2.2-3011, torts of defamation, libel, slander, VA Code § 8.01-46.1, VA Code § 9.1 - 500, and intentional infliction of emotional distress. There is considerable overlap and repetition between the counts. For clarity's sake, rather than address each count separately the Court will address the various laws Plaintiff alleges were violated.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court should dismiss the case if the complaint does not

state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Here, for claims under Title VII and the ADA (Counts 1-8), the Court finds that Plaintiff has not presented a plausible claim for relief. Under both Title VII and the ADA, only employers and not individuals can be held liable. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) ("we have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers'" . . . "the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA"). Plaintiff has not alleged that the individual defendants are employers in accordance with either Title VII or the ADA. Accordingly, all Title VII and ADA claims against the individual defendants are dismissed.

As for the County, a prerequisite to bringing a claim under Title VII and the ADA is that the plaintiff received a right-to-sue letter from the EEOC. Davis v. North Carolina Dep't of Corrections, 48 F.3d 134, 140 (4th Cir. 1995). Plaintiff filed two complaints with the EEOC, one in 2009 and one in 2017, to which he received right-to-sue letters on both. However, the claims based on both of these EEOC complaints are time barred.

The EEOC issued the right-to-sue letter for the 2009 complaint on December 17, 2009. Plaintiff failed to file a

complaint within the strict ninety day timeframe and the Court does not find any waiver, estoppel, or equitable tolling is applicable here. Davis v. Navy Fed. Credit Union, 2012 U.S. Dist. LEXIS 2649, *14 (E.D.Va. 2012) ("this ninety-day time period has been strictly construed and, absent, waiver, estoppel, or equitable tolling, a lawsuit filed in excess of the ninety-day period will be dismissed"). Thus, all of the claims related to the 2009 charge are dismissed.

The claims contained in the 2017 EEOC complaint, and the subsequent complaint filed in this Court, relate to events that occurred after 2009. In order to state a claim under Title VII for race based harassment, the plaintiff must allege that the harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and create an abusive atmosphere. Jones v. HCA (Hosp. Corp. of Am.), 16 F.Supp. 3d 622, 629 (E.D. Va. Apr. 21, 2014) citing Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761 (4th Cir. Mar. 26, 2003). Here, the Plaintiff cannot sufficiently allege workplace harassment and alteration to his terms of employment, because Defendants did not employ him after 2009.

Additionally, the retaliation claims stated in the 2017 charge were not timely filed. Plaintiff alleges in the Complaint that the alleged false statements by his previous employer took place in 2010, but he did not file a complaint until 2017 – far

exceeding the 180 day deadline. For these reasons, Counts 1-8 are dismissed.

Turning to Counts 9-10, Plaintiff alleges constitutional violations under 42 U.S.C. § 1983. As the Supreme Court and Fourth Circuit have determined, the appropriate statute of limitations period for a Section 1983 claim is borrowed from state law. Rancho Palos Verdes v. Abrams, 544 U.S. 113, 123 n.5, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005). Based on Virginia's statute of limitations, a plaintiff must bring a Section 1983 claim within two years of when the claim accrues. A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011). The alleged events relating to the § 1983 claim occurred in 2009, far exceeding the two year statute of limitations. Accordingly, Counts 9-10 fail to state a claim for which relief can be granted.

Count 11 alleges violations of 42 U.S.C. § 1985 and § 1986. Plaintiff alleges generally that Defendants conspired to interfere with his federal rights. Claims brought under 42 U.S.C. § 1985 are subject to a two year statute of limitations. Harris v. Obenshain, 452 F. Supp. 1172, 1176 (E.D. Va. May 12, 1978). All of the alleged events supporting the § 1985 claim occurred in 2008-2009. A claim for damages under 42 U.S.C. § 1986 is predicated on the existence of a claim under § 1985.

Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). Accordingly, Count 11 also fails.

Count 12 alleges a violation of the Virginia Human Rights Act ("VHRA"). The VHRA only applies to employers who have more than five, but fewer than fifteen employees. Virginia Code § 2.2-3903(B). None of the individual defendants are employers, nor does Plaintiff allege that they are. Further, this Court takes judicial notice that Defendant Prince William County employs more than fifteen employees. Therefore, Count 12 fails to state a claim.

Count 13 alleges discrimination and retaliation in violation of Virginia Code § 2.2-3011. However, Virginia Code § 2.2-3011 only applies to persons compensated by state agencies. VA Code § 2.2-3009-3010. Plaintiff was employed and compensated by a local government. Count 13 accordingly fails to state a claim.

Count 14 alleges a claim for slander, defamation, and libel. In Virginia, actions for defamation, libel, and slander must be brought within one year after the cause of action accrues. Here, Plaintiff alleges in his Complaint that he knew the alleged false statements existed as early as June 2010 when he was confronted about them by his new employer. Plaintiff therefore had until June 2011 to bring this action.

Count 14 also fails because Prince William County has immunity from state tort actions. The County cannot be sued except in cases where such suits are allowed by statute. Seabolt v. County of Albemarle, 283 Va. 717, 719 (2012). There is no statutory authorization allowing counties to be sued in tort. Mann v. Arlington County, 199 Va. 169, 174 (1957). Accordingly, Count 14 fails to state a claim.

Count 15 alleges that releasing Plaintiff's personnel files violates Virginia Code § 8.01-46.1. This claim exceeds the statute of limitations as well as fails to state a plausible claim. This section of the Virginia Code provides a cause of action against employers who release false information to current or prospective employers in bad faith.

Plaintiff's Complaint does not contain any factual allegations that any of the individual defendants gave the Plaintiff's current or prospective employers statements they knew to be false. There are also no plausible factual allegations that the County knowingly and maliciously disclosed false statements about the Plaintiff. In addition, the Plaintiff had until June 2011 to bring this action under the statute of limitations. Accordingly, Count 15 fails.

Count 16 alleges a violation of the Law-Enforcement Officers Procedural Guarantee Act. Pursuant to Virginia Code § 8.01-248, every personal action for which no limitation period

is prescribed, must be brought within two years. The alleged violations occurred in January 2009, well past the statute of limitations expiration. Count 16 fails.

Finally, Count 17 alleges intentional infliction of emotional distress ("IIED"). To state a claim for IIED in Virginia, a plaintiff must prove conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Russo v. White, 241 Va. 23, 27 (Va. 1991). There are no facts in the Complaint that plausibly state a claim to satisfy the elements of an IIED claim. Furthermore, as discussed above, the County has sovereign immunity from state tort suits.

Count 17 also fails because the claim falls outside of Virginia's two year statute of limitations on tort actions. VA Code Ann. § 8.01-243. The acts alleged in the Complaint occurred in 2008-2009.

For the reasons stated, Plaintiff does not state any plausible claims for relief. The Court also denies Plaintiff's request for leave to amend the Original Complaint. Upon review of Plaintiff's Motion to Amend Complaint, the Court concludes that the Plaintiff has failed to state facts that make plausible any cognizable claim and that any attempt to amend his Complaint would be futile.

For the foregoing reasons, Defendants' Motion to Dismiss on all counts should be GRANTED, and Plaintiff's Motion to Amend the Original Claim for Relief should be DENIED. An appropriate order shall issue.

*/s/ Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 24, 2018